IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

MAY 22 2023

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

TERRI ELAINE RAYMOND,

Plaintiff,

v.

CIVIL ACTION NO.: 1:22CV53
(KLEEH)

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

Defendant.

## REPORT AND RECOMMENDATION

### I. Introduction

This action arises out of the denial of Plaintiff's application for Supplemental Security Income under Title II of the Social Security Act. R. 15-36. Plaintiff claims that the ALJ erred in several respects and seeks relief, including reversal of the ALJ's unfavorable decision, or in the alternative, remand for further proceedings. ECF No. 14-1.

### II. Factual/Procedural History

Plaintiff filed her application on April 16, 2020. She alleged a disability date of February 12, 2018. R. 15. Plaintiff's claim was denied initially and upon reconsideration. R. 86-123, 128-48. An administrative hearing was held on September 27, 2021. R. 15, 42-57. At the hearing, Plaintiff amended her alleged onset date to January 1, 2020. R. 15.

On October 20, 2021, the ALJ issued an unfavorable decision. R. 15-36. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1-6. Plaintiff then filed the instant action. ECF No. 1.

## III. ALJ Decision

### A. The Five-Step Evaluation Process

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work....'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B). The Social Security Administration uses the following five-step sequential evaluation process to determine if a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairments(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.
>
> [Before the fourth step, the residual functioning capacity of the claimant is evaluated based "on all the relevant medical and other evidence in your case record . . ." 20 C.F.R. §§ 404.1520; 416.920.]
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520; 416.920. If the claimant is determined to be disabled or not disabled at one of the five steps, the process does not proceed to the next step. *Id.*

### B. ALJ Findings

The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 16, 2020, or the application date. R. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: fibromyalgia, bilateral hip impairment (trochanteric bursitis), spine impairment (degenerative disc disease of the lumbar spine), left knee impairment, obesity, sleep apnea, major depressive disorder (MDD), generalized anxiety disorder (GAD), and posttraumatic stress disorder (PTSD). R. 18. The ALJ found at step three that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). *Id.*

At step four, the ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 416.967(a) with lifting and/or carrying up to 10 pounds occasionally and less than 10 pounds frequently; standing and/or walking up to 2 hour and sitting up to 6 hours in an 8-hour workday; additionally, only occasional climbing ramps or stairs, balancing (as it is defined in the SCO – the Selected Characteristics of Occupations defined in the Dictionary of Occupational Titles), stooping, kneeling, crouching, or crawling; no climbing ladders, ropes, or scaffolds; and only occasional exposure to cold or heat extremes, wetness, vibration, respiratory irritants (such as fumes, odors, dust, gases, poorly ventilated areas in concentrations higher than found in a typical household), and/or workplace hazards (including unprotected heights and dangerous machinery). She is limited to routine tasks in entry-level, unskilled work, with instructions that are not involved; limited to low-stress work (defined as involving only occasional independent decision making and/or changes in the work setting); requiring only occasional interaction with the public, coworkers, and/or supervisors; and, as to coworkers, only occasional tandem tasks.

R. 22. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 34.

### IV. Motions for Summary Judgment

#### A. Arguments of the Parties

##### 1. Plaintiff's Arguments

Plaintiff argues that the ALJ's opinion is not supported by substantial evidence because the ALJ failed to order a consultative psychological exam or a post-hearing psychological consultation. Additionally, Plaintiff claims that the ALJ erred because he failed to consider Plaintiff's medical records from Potomac Highlands Guild from January 2021 – March 2021. Finally, Plaintiff argues that the ALJ erred in not defining the phrase "instructions that are not involved" with respect to Plaintiff's RFC. Plaintiff asks that the ALJ's decision be reversed or, alternatively, for this matter to be remanded for further proceedings.

##### 2. Defendant's Arguments

Defendant argues that Plaintiff failed to meet the standards of disability within the Act and Regulations. Defendant further argues that the ALJ was not required to obtain a consultative psychological examination to formulate Plaintiff's RFC, and that the record contained sufficient evidence for the ALJ to make his determination. Defendant maintains that the ALJ's opinion allows for meaningful review. Defendant argues that the ALJ's decision should be affirmed.

### B. The Standards

#### 1. Summary Judgment

"Summary Judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

#### 2. Judicial Review

The Court's review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether the ALJ's factual findings are supported by substantial evidence. *Rogers v. Kijakazi*, 62 F.4th 872, 875 (4th Cir. 2023).

"Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988) (internal citations and quotations omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by *The Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

### C. Discussion

After considering the briefs of the parties, the applicable law, and the Court file, the undersigned is satisfied that oral argument would not substantially aid this report and recommendation. Accordingly, the undersigned would conclude that the ALJ did not err by not obtaining a consultative examination or using the phrase "instructions that are not involved" in

Plaintiff's RFC, and the ALJ considered Plaintiff's records from Potomac Highlands Guild from January 2021 to March 2021. Therefore, substantial evidence supports the ALJ's decision.

### 1. Consultative Exam

"Under the regulations, an ALJ has discretion in deciding whether to order a consultative examination." *Thomason v. Colvin*, 2016 WL 4447805, at * 3 (W.D.Va. July 29, 2016), citing *Bishop v. Barnhart*, 78 Fed.Appx. 265, 268 (4th Cir. 2003). An ALJ may obtain a consultative examination when the ALJ cannot obtain the information needed from a claimant's medical sources, to resolve an inconsistency in the evidence, or when the evidence is insufficient to support a determination or decision on a claim. 20 C.F.R. § 416.919a. A consultative examination is not necessary where other sources of evidence in the medical record support the ALJ's decision. *See Melton v. Colvin*, 2016 WL 3525248, at * 7 (E.D.Va. June 1, 2016).

Plaintiff argues that the ALJ erred in not obtaining a psychological consultative examination for Plaintiff because the State agency psychological consultant reports upon which the ALJ relied were dated September 2020 and December 2020, which predated the administrative hearing by between ten and twelve months. Plaintiff argues that, during those months, additional medical evidence was received on behalf of Ms. Raymond. Plaintiff notes specifically the April 1, 2021, letter from Plaintiff's treatment provider, Jacque O'Neil, M.Ed., AADC, and the June 15, 2021, completed medical statement from Ms. O'Neill. *See* ECF No. 14-1 at p. 9. Plaintiff contends that the ALJ should have obtained another consultative review to consider these additional treatment records. This argument is not persuasive.

Review of the ALJ's decision reveals that the ALJ considered in detail both the April 1, 2021, letter and the June 15, 2021, reports which Ms. O'Neil provided. The ALJ did not find either of these reports persuasive because they were not consistent with the balance of

Plaintiff's psychological treatment records, and there were no treatment notes from Ms. O'Neil's appointments with Plaintiff. A review of the evidence of record confirms these findings.

Plaintiff treated with Ms. O'Neil beginning in October 2020 and continuing through December 2021. R. 937-947. These records contain a detailed initial intake assessment for Plaintiff, but treatment notes are not contained within Plaintiff's records from Ms. O'Neil. Thus, Ms. O'Neil's opinions as expressed in her letter of April 1, 2021, and her assessment of June 15, 2021, are not supported by the evidence of record.

The ALJ further found that the treatment notes from Plaintiff's contemporaneous treatment with Potomac Highlands Guild did not support Ms. O'Neil's opinions, and that these records demonstrated largely normal examination findings and a positive response to medications over time. A review of those records supports the ALJ's assessment. *See* R. 1009-1020, 1075-1078.

Plaintiff contends that the ALJ did not review and consider Plaintiff's records from Potomac Highlands Guild when formulating his opinion. This is incorrect. The ALJ considered these records. *See* R. 31, 33 (citing to B19F and B24F, or Office treatment Records from Potomac Highland Guild). As the ALJ noted, these records are unremarkable. *See* R. 33 ("despite some mood or coping ability deficits, the claimant otherwise had normal attitude, speech, though, perception, concentration, orientation, and memory on exams with positive response to medications over time"). A review of these records confirms the ALJ's opinion. *See* R. 1009-1020, 1075-1078.

Based on the above and based upon the Court's comprehensive review of the evidence of record concerning Plaintiff's alleged psychological impairments, the Court would find that substantial evidence supports the ALJ's findings. The ALJ's decision covers approximately 21 single-spaced, detailed, and well-reasoned pages. The ALJ's analysis concerning Plaintiff's

psychological impairments includes approximately three pages and approximately 6 single-spaced paragraphs in which the ALJ addresses Plaintiff's psychological treatment, the two State Agency consultants' reports, as well as Ms. O'Neil's records, her April 1, 2021, letter, her June 15, 2021, report, and records from Tina Alt Liong, MA, LPC. The ALJ also considered Plaintiff's treatment records from Potomac Highlands Guild. Indeed, the ALJ appears to have considered all relevant evidence of record in formulating his RFC opinion and has accurately recounted the same. The undersigned sees no reason to disturb the ALJ's findings on appeal.

Finally, the undersigned would conclude that the ALJ did not insert himself as a medical expert and interpret Ms. O'Neil's treatment records, as Plaintiff argues. Rather, the ALJ considered Ms. O'Neil's opinion(s) and noted a lack of support for her opinions in the medical records she provided. The undersigned has confirmed the ALJ's factual assessment. Accordingly, Plaintiff's argument in this regard is also without merit.

### 2. Undefined Phrase in RFC

Plaintiff next argues that the ALJ erred when he used an undefined phrase in his RFC, i.e., "instructions that are not involved." Plaintiff argues that the phrase "instructions that are not involved" frustrates meaningful review of the RFC. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). The undersigned would disagree. To the contrary, the ALJ's decision provided a comprehensive narrative discussion of Plaintiff's RFC, and in particular the impetus for the finding that Plaintiff could engage in employment where instructions were not that involved. *See* R. 31 (noting and giving credit to Plaintiff's testimony that she had to re-read written instructions and ask for spoken instructions to be repeated). Meaningful review of the ALJ's RFC is possible. After having considered the same, the undersigned would conclude that substantial evidence supports the ALJ's RFC finding.

V.    **Recommendation**

Accordingly, and for all of the foregoing reasons, the undersigned would **RECOMMEND** that Plaintiff's Motion [14] for Summary Judgment be **DENIED** and that Defendant's Motion [15] for Summary Judgment be **GRANTED**.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

A copy of such objections should be submitted to the District Judge of Record. <u>**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation**</u>. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 22nd day of May 2023.

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE